UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIMOLYN SMITH-EALY                                                   CIVIL ACTION NO. 5:12-CV-2538

VERSUS                                                                              JUDGE S. MAURICE HICKS, JR.

FAIRFIELD MANAGEMENT and                                   MAGISTRATE JUDGE HORNSBY
D&B MANAGEMENT

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Record Document 27] filed by D&B Management Company (hereafter referred to as "D&B Management") to dismiss all claims brought against it by Plaintiff, Timolyn Smith-Ealy (hereafter referred to as "Smith-Early"), pursuant to Federal Rule of Civil Procedure 56. For the reasons hereafter assigned, the Motion for Summary Judgment filed by D&B Management is hereby **GRANTED**. Accordingly, all claims brought by Smith-Ealy against D&B Management are **DISMISSED**.

## BACKGROUND

Smith-Ealy was employed as a Property Manager by D&B Management from October 2010 until December 31, 2011. Rec. Doc. 27-1 at ¶ 1. At the end of 2011, D&B Management, the general partners of which owned many of the properties under its management, decided to no longer manage its properties. The partners decided to outsource the management of its properties to Fairfield Property Management (hereafter referred to as "FPM"). Many of D&B Management's employees were hired by FPM to fulfill the same or similar roles in various properties. Beginning January 1, 2012, FPM became the employer of Smith-Ealy. Rec. Doc. 27-1 at ¶ 2. All of the alleged events of which Smith-Ealy complains took place after her employment with D&B Management terminated and Smith-Ealy was employed by FPM. Rec. Doc. 27-1 at ¶ 3.

**LAW AND ANALYSIS**

**I. Legal Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>See Id.</u> "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See <u>Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir.2005).

**II. Analysis**

The only issue for the Court to determine regarding the Motion for Summary Judgment filed by D&B Management is whether Smith-Ealy was employed by D&B

---

[1] The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

Management at the time of the incidents giving rise to the instant lawsuit. Smith-Ealy admits in her deposition that none of the pertinent events occurred prior to January 3, 2012. (Deposition of Timolyn Smith-Ealy dated October 15, 2012 at page 23, lines 11-13). Therefore, all of her claims arise from her employment with FPM after January 2012. These claims are not attributable to D&B Management.

Smith-Ealy provides a Statement of Facts section in her response to the instant Motion labeled "Memorandum of Points and Authorities." The statement of facts provided by Smith-Ealy fails to dispute the facts provided by the D&B Management. However, Smith-Ealy's Response to the Motion for Summary Judgment requests that the motion be denied on the basis of vicarious liability. In Smith-Ealy's answer to Request for Admission No. 3, she stated that the events giving rise to the Complaint "took place while (she) was employed by D&B Management under the management of Fairfield Management LLC." However, this bald allegation is baseless. There is no factual underpinning for Smith-Ealy's claim that D&B Management was her true employer. At all times pertinent to Smith-Ealy's claims, she actually worked for FPM. Additionally, there is no identity of interest between D&B Management and FPM. (Affidavit of Bruce I. Logan).

Therefore, D&B Management is entitled to summary judgment in this matter because the Smith-Ealy failed to provide the Court with any evidence disputing the fact that the incidents giving rise to this action occurred following the termination of her employment with D&B Management. Additionally, there is no evidence indicating that an identity of interest between D&B Management and FPM existed. Therefore, a vicarious liability claim cannot be brought by Smith-Ealy against D&B Management.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff Timolyn Smith-Ealy was not employed by D&B Management at the time any of the incidents giving rise to this action occurred. Accordingly, the Motion for Summary Judgment filed by the Defendant, D&B Management is **GRANTED**. All claims brought by the Smith-Ealy against D&B Management are hereby **DISMISSED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 10th day of July, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE